**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**UNITED STATES OF AMERICA**

**DON FRANK AND ANTONIO FRANK,**
 **INDIVIDUALLY AND AS THE REPRESENTATIVES         DOCKET:**
**OF THE ESTATE OF ARMANDO FRANK**

**VERSUS**

**OFFICER KENNETH PARNELL,**
**THE CITY OF MARKSVILLE,**
**DEPUTY SPILLMAN, DEPUTY**
**ALEXANDER, AND DOUG**
**ANDERSON, THE SHERIFF OF AVOYELLES**
**PARISH, IN HIS OFFICIAL CAPACITY                  JUDGE:**

**COMPLAINT FOR DAMGES UNDER 42 USC 1983,**
**WRONGFUL DEATH AND SURVIVAL ACTIONS UNDER STATE LAW**

1.
**INTRODUCTION**

This is a civil rights lawsuit brought by the Plaintiffs Don Frank and Antonio Frank,

individually, as the surviving heirs of Armando Frank, and as representatives of Armando

Frank's estate, for the violation of Armando's Civil Rights, his survival action and his wrongful

death.

2.
**JURISDICTION**

This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.  This

Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.  Venue is proper

under 28 U.S.C. section 1391 in that Defendants, on information and belief, reside and the cause

of action arises in the Parish of Avoyelles, State of Louisiana, Western District of Louisiana and

that all alleged acts occurred within the jurisdiction of the Western District of Louisiana.

Supplemental jurisdiction attaches to the wrongful death and survival actions under 28 U.S.C. 1367.

3.

Plaintiffs Don and Antonio Frank are adults residing in the State of Texas, and the rightful representatives of their brother, Armando Frank, who died without descendants, wife, or living parents.   Upon information and belief, Defendants are adults domiciled in the Parish of Avoyelles, State of Louisiana, and for all times material to this complaint, were a police officers employed by the City of Marksville, Louisiana and the deputies for the Sheriff of Avoyelles Parish, Doug Anderson, respectively.

Made Defendants are:

**DEPUTY SPILLMAN,** a citizen of Louisiana and resident of Avoyelles parish, who at all times relevant to this complaint, was a deputy for the Sheriff of Avoyelles Parish acting in the course and scope of his employment and under color of state law.

**DEPUTY ALEXANDER,** a citizen of Louisiana and resident of Avoyelles parish, who at all times relevant to this complaint, was a deputy for the Sheriff of Avoyelles Parish acting in the course and scope of his employment and under color of state law.

**SHERIFF DOUG ANDERSON,** Sheriff of Avoyelles parish, in his capacity as employer of Defendants and vicariously liable for state law delicts of **SPILLMAN AND ALEXANDER** through La. CC 2320.

**OFFICER KENNETH PARNELL**, a citizen of Louisiana and resident of Avoyelles Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Marksville, Louisiana.

**THE CITY OF MARKSVILLE, LOUISIANA**, a political subdivision of the parish of Avoyelles Parish, and employer of **PARNELL**, vicariously liable for state law delicts of **PARNELL** through La. CC 2320.

4.

## FACTUAL ALLEGATIONS

On October 20, 2017, Armando Frank drove his tractor to the Walmart parking lot in Marksville, Louisiana on a personal errand.

5.

As Frank was sitting on his tractor in the parking lot, he was approached by **PARNELL** and **SPILLMAN** about an outstanding arrest warrant they had been made aware of that day by a confidential informant.  Later, Deputy **ALEXANDER** joined in the detention.

6.

Frank asked to see the warrant. He was told he could see it at the station.

7.

At that point, the officers ordered him to come down off the tractor and surrender to them. The parties began a verbal argument over whether there was a warrant for his arrest.

8.

The argument between Frank and the officers escalated into one of the defendants climbing on the tractor, placing Frank in a rear naked chokehold, and the other officers repeated tazing him with a Taser.

9.

After repeated choking and tazing Frank, the three officers then took Armando Frank off the tractor and compressed his chest into what is known as positional asphyxia by pinning him against the tractor, the ground and a police vehicle.

10.

According to the autopsy, this combination of chokehold, repeated electrical shock with the Taser, and compressing his body in such a way as to compromise his respiration, combined to cause his death by asphyxia. The Autopsy is herein incorporated as exhibit A.

11.

The manner of death was ruled a homicide by the pathologist in the autopsy.

12.

There was evidence of manual strangulation in the autopsy from the improper application of a rear naked chokehold.

13.

There was also evidence of repeated electrical shocks administered by police on Frank's body, which contributed to his death.

14.

Despite the Plaintiff's obvious distress, including gasping and heavy breathing, no attempts were made by defendants to improve his airway or give him CPR until EMS arrived, long too late to save Frank.

15.

On information and belief, timely application of CPR or opening his airway could have saved Frank's life. This was not attempted until Frank was already dead.  On information and belief, all three officers were trained in CPR, but none attempted to save Frank's life.

16.

## CIVL RIGHT VIOLATIONS: EXCESSIVE FORCE

Plaintiff incorporates all the foregoing allegations, herein.   Defendants **ALEXANDER, SPILLMAN AND PARNELL** used excessive force in the seizure of Armando Frank by maliciously killing him in violation of the Fourth and Fourteenth Amendments to the Constitution.

17.

As a result of this Civil Rights violation for the homicide of Armando Frank, Plaintiffs Don and Antonio Frank seek damages for their loss of love, affection, support, as well as loss of enjoyment of life.

18.

## STATE LAW VIOLATIONS AND
## VICARIOUS LIABLILITY OF THE SHERIFF OF AVOYELLES PARISH AND
## THE CITY OF MARKSVILLE, LOUISIANA
## FOR ACTIONS UNDER STATE LAW

Deputies **SPILLMAN AND ALEXANDER** were acting under color of his authority as Avoyelles Parish Sheriff's deputies.  **DOUG ANDERSON**, as Sheriff, is liable for all state law delicts and torts of his employees committed in the course and scope of their employment. Therefore, the Sheriff is vicariously liable for the wrongful death of Armando Frank and is indebted to Don and Antonio Frank for the death of their brother, as well as damages for the survival action to the estate of Armando Frank, who survived for several agonizing minutes while being murdered.  Additionally, officer **PARNELL**, an employee of the City of Marksville, Louisiana, is also indebted to the Franks for the wrongful death of Armando Frank, as well as damages for the survival action to the estate of Armando Frank, who survived for several agonizing minutes while being killed, as well as his lost chance of survival by the officers failing

to render CPR when he was dying in their custody. The city of Marksville is vicariously liable for Officer **PARNELL's** torts while in the course and scope of his duty during this wrongful death.

20.

Plaintiffs also pray for punitive damages and reasonable attorney's fees against defendants for their willful indifference of Frank's federally protected rights.

21.

Plaintiffs pray for a trial by jury.

**PRAYER FOR RELIEF**

Plaintiffs request that this Court assume jurisdiction over this cause, grant them compensatory and punitive damages, costs and attorney's fees, judicial interest running from date of demand, and award all other proper relief.

 /s/ JOSEPH J. LONG, ESQ
Joseph J. Long, Bar #25968
251 Florida St., Ste. 308
Baton Rouge, LA 70801
Phone: 225-343-7288
Facsimile: 225-267-5664
josephjlong@juno.com