UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DON FRANK, ET AL | CIVIL ACTION NO. 1:18-CV-00978 |
| VERSUS | JUDGE DEE DRELL |
| KENNETH PARNELL, ET AL | MAGISTRATE JUDGE JOSEPH PEREZ-MONTES |

**ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT FOR DAMAGES UNDER 42 USC § 1983 WRONGFUL DEATH AND SURVIVAL ACTIONS UNDER STATE LAW**

MAY IT PLEASE THE COURT

NOW INTO COURT, through undersigned counsel, comes defendants CITY OF MARKSVLLE and KENNETH PARNELL III, who deny all allegations of the Complaint, except for those allegations which are admitted, modified, or explained, and who, with respect represent the following:

FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

1.

It is admitted that suit has been filed by Don and Antonio Frank.  It is further admitted that the Court granted Defendants' 12(b)6 motion.  All other allegations of Paragraph 1 of the Complaint are denied.

2.

It is admitted that jurisdiction has been asserted pursuant to federal law. It is further admitted that based upon information and belief, venue is appropriate.  All other allegations of Paragraph 2 of the Complaint are denied.

3.

It is admitted that defendants City of Marksville and Kenneth Parnell III were domiciled in Avoyelles Parish.  It is admitted that Kenneth Parnell III was a police officer for the City of Marksville.  All other allegations of Paragraph 3 of the Complaint are denied.

4.

All allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information upon which to base a belief.

5.

All allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information upon which to base a belief.

6.

All allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information upon which to base a belief.

7.

All allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information upon which to base a belief.

8.

All allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information upon which to base a belief.

9.

All allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information upon which to base a belief.

10.

All allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information upon which to base a belief.

11.

All allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information upon which to base a belief.

12.

All allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to base a belief.

13.

All allegations of Paragraph 13 of the Complaint are denied for lack of sufficient information upon which to base a belief.

14.

All allegations of Paragraph 14 are denied for lack of sufficient information upon which to base a belief.

15.

All allegations of Paragraph 15 are denied for lack of sufficient information upon which to base a belief.

16.

All allegations of Paragraph 16 are denied for lack of sufficient information upon which to base a belief.

17.

All allegations of Paragraph 17 are denied for lack of sufficient information upon which to base a belief.

18.

All allegations of Paragraph 18 are denied for lack of sufficient information upon which to base a belief.

19.

All allegations of Paragraph 19 are denied for lack of sufficient information upon which to base a belief.

20.

All allegations of Paragraph 20 are denied for lack of sufficient information upon which to base a belief.

21.

All allegations of Paragraph 21 are denied for lack of sufficient information upon which to base a belief.

22.

All allegations of Paragraph 22 are denied for lack of sufficient information upon which to base a belief.

23.

All allegations of Paragraph 23 are denied for lack of sufficient information upon which to base a belief.

24.

All allegations of Paragraph 24 are denied for lack of sufficient information upon which to base a belief. Further all prayers subsequent thereto are hereby denied.

SECOND DEFENSE

Defendants plead that all injuries complained of by the plaintiffs were caused or contributed by the actions, fault, and/or negligence of Armando Frank.  These actions, negligence and/or fault are superseding, intervening causes of any injury, which operate to bar or reduce plaintiffs' recovery by the percentage of fault and/or negligence of Armando Frank.

### THIRD DEFENSE

Defendants plead that Armando Frank was the aggressor in the incident, assumed the risk, and was the sole cause, or, in the alternative, was a contributing cause of any injury suffered by the plaintiffs and that all recovery should be barred or reduced by the percentage of fault and/or negligence of Armando Frank.

### FOURTH DEFENSE

Defendants plead that any force used upon Armando Frank was reasonable and necessary under the circumstances.

### FIFTH DEFENSE

Defendants submit that at all times pertinent hereto, there was a reasonable, good faith belief that Armando Frank had committed an offense for which he could be arrested and there was a warrant for that arrest.

### SIXTH DEFENSE

Defendants plead that any force used upon Armando Frank was not used in a malicious attempt to inflict pain or injury but, rather, was only used in response to the actions of Armando Frank and did not rise to the level of a violation of anyone's civil rights.

### SEVENTH DEFENSE

Defendants affirmatively allege entitlement to the protections and/or immunities afforded by state law, including the protections afforded by La. R.S. 9:2798.1

EIGHTH DEFENSE

Defendants affirmatively allege entitlement to all limitations on damages, interest, and costs afforded by state law, including La. R.S. 13:5106 and 13:5112

NINTH DEFENSE

Defendants aver that all claims made against them pursuant to 42 U.S.C. Section 1983 and/or 1981 will be determined to be unfounded and not adequately supported by facts or law; accordingly, under 42 U.S.C. 1988, defendants are entitled to all costs of suit, including reasonable attorney's fees.

TENTH DEFENSE

Any injuries or damages that may have been suffered by the plaintiffs arose from Armando Frank's actions, which actions caused or contributed to any of their injuries, which bar their recovery or reduce their recovery by Armando Frank's percentage of fault.

ELEVENTH DEFENSE

Armando Frank illegally resisted a lawful arrest which caused all of the injuries suffered by the plaintiff which bars or reduces any recovery herein.

TWELFTH DEFENSE

Furthering answering, all actions performed by KENNETH PARNELL III were performed in good faith and were believed to be lawful; accordingly he is immune from liability pursuant to federal and state qualified immunity.

WHEREFORE defendants, CITY OF MARKSVILLE et al, pray that this answer be deemed good and sufficient and after due proceedings are had that there be judgment in their favor dismissing this complaint, with prejudice, at plaintiffs' sole cost, any judgment in favor of the

plaintiffs be barred or reduced by the percentage of fault of Armando Frank, for reasonable attorneys' fees, and for all general and equitable relief under the law.

Respectfully submitted,

/s/ Derrick M. Whittington
_____
Derrick M. Whittington La. Bar No. 29480
WHITTINGTON LAW FIRM
P.O. BOX 127
MARKSVILLE, LA 71351
318-253-5852

Attorney for Defendants

CERTIFICATE OF SERVICE

This is to certify that on this 9th day of July, 2019 a copy of the above and forgoing was forwarded to complainant via ECF.

/s/ Derrick M. Whittington
_____
Derrick M. Whittington