UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DON FRANK, ET AL** | **CASE NO.: 1:18-CV-00978** |
| **VERSUS** | **JUDGE DRELL** |
| **KENNETH PARNELL, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### ANSWER TO FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES UNDER 42 USC 1983, WRONGFUL DEATH AND SURVIVAL ACTIONS UNDER STATE LAW

**NOW INTO COURT**, through undersigned counsel, come Defendants, DOUG ANDERSON, SHERIFF OF AVOYELLES PARISH, IN HIS CAPACITY AS THE EMPLOYER OF DEPUTY BRANDON SPILLMAN AND DEPUTY ALEXANDER DANIELS and DEPUTY BRANDON SPILLMAN AND DEPUTY ALEXANDER DANIELS (hereinafter referred to as "Defendants"), who deny all allegations of the Complaint, except for those allegations which are admitted, modified, or explained and who, with respect represent the following:

### FIRST DEFENSE

The First Supplemental and Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The First Supplemental and Amended Complaint does not set out federal subject matter jurisdiction.

1.

It is admitted that suit has been filed by Don Frank and Antonio Frank, as the alleged surviving heirs of Armando Frank. All other allegations of Paragraph 1 of the First Supplemental

and Amended Complaint are denied.

2.

It is admitted that claims have been brought under the Fourth and Fourteenth Amendments to the United States Constitution, and various federal statutes. It is further admitted that venue, based upon information and belief, is appropriate. All other allegations of Paragraph 2 of the First Supplemental and Amended Complaint are denied.

3.

It is admitted that Sheriff Anderson is Sheriff of Avoyelles Parish, and is domiciled in Avoyelles Parish. It is further admitted that Deputy Spillman and Deputy Alexander were deputies for Sheriff Anderson at the time of the incident and are domiciled in Avoyelles Parish. All other allegations of Paragraph 3 of the First Supplemental and Amended Complaint are denied for lack of sufficient information upon which to base a belief.

4.

All allegations of Paragraph 4 of the First Supplemental and Amended Complaint are denied for lack of sufficient information upon which to base a belief.

5.

All allegations of Paragraph 5 of the First Supplemental and Amended Complaint are denied.

6.

All allegations of Paragraph 6 of the First Supplemental and Amended Complaint are denied.

7.

It is admitted that Frank was the subject of a valid arrest warrant. It is further admitted that Frank refused to comply with verbal instruction and that he resisted his lawful arrest. All other

allegations of Paragraph 7 of the First Supplemental and Amended Complaint are denied.

8.

It is admitted that Frank resisted arrest and refused to comply with verbal instructions. It is also admitted that force was applied to overcome Frank's unlawful resistance to his arrest. All other allegations of Paragraph 8 of the First Supplemental and Amended Complaint are denied.

9.

It is admitted that Frank's continued resistance to verbal instruction and his arrest necessitated an escalation of force, which escalation was solely caused by Frank's illegal resistance. It is also admitted that the force attempted to be utilized included the use of a Taser. It is also admitted that, due to the continued resistance of Frank, force was used to take Frank into custody. It is denied that any Defendant had knowledge that Frank was ever in distress during the course of the lawful arrest of Frank. Further, the autopsy results are in writing which is the best evidence of its contents. Also, no defendant had knowledge of the physical or medical condition of Frank at the time of the incident. All other allegations of Paragraph 9 of the First Supplemental and Amended Complaint are denied.

10.

It is admitted that an autopsy report is in writing, and is the best evidence of its contents. It is denied that any action of Deputy Spillman or Deputy Alexander caused Frank's death. Further responding, whatever may have occurred to Frank during the course of his resistance to a lawful arrest was caused by Frank. All other allegations of Paragraph 10 of the First Supplemental and Amended Complaint are denied.

11.

It is admitted that an autopsy report is in writing and is the basic evidence of its contents. Also, no defendant had knowledge of the physical or medical condition of Frank at the time of the incident. Further, all other allegations of Paragraph 11 of the First Supplemental and Amended Complaint are denied.

12.

It is admitted that an autopsy report is in writing and is the best evidence of its contents. All other allegations of Paragraph 12 of the First Supplemental and Amended Complaint are denied.

13.

It is admitted that an autopsy report is in writing and is the best evidence of its contents. All other allegations of Paragraph 12 of the First Supplemental and Amended Complaint are denied.

14.

It is denied that Deputy Alexander or Deputy Spillman had knowledge that Frank was in distress. Accordingly, neither deputy had a reason to believe that Frank was in need of any medical care. All other allegations of Paragraph 14 of the First Supplemental and Amended Complaint are denied.

15.

It is admitted that both Deputy Spillman and Deputy Alexander met or exceeded the standards of required training, including CPR. It is denied that either deputy had knowledge that Frank was in need of medical care. Further, whether CPR or other medical care would have saved Frank's life is speculative and unknown. All other allegations of Paragraph 15 of the First Supplemental and Amended Complaint are denied.

16.

All allegations of Paragraph 16 of the First Supplemental and Amended Complaint are denied.

17.

All allegations of Paragraph 17 of the First Supplemental and Amended Complaint are denied.

18.

All allegations of Paragraph 18 of the First Supplemental and Amended Complaint are denied.

19.

All allegations of Paragraph 19 of the First Supplemental and Amended Complaint are denied.

20.

All allegations of Paragraph 20 of the First Supplemental and Amended Complaint are denied.

21.

All allegations of Paragraph 21 of the First Supplemental and Amended Complaint are denied.

22.

All allegations of Paragraph 22 of the First Supplemental and Amended Complaint are denied.

23.

All allegations of Paragraph 23 of the First Supplemental and Amended Complaint are denied.

24.

All allegations of Paragraph 24 of the First Supplemental and Amended Complaint are denied.

**THIRD DEFENSE**

Defendants plead that all injuries complained of by plaintiffs were caused or contributed to by the actions, fault and/or negligence of Frank. These actions, negligence and/or fault are superceding, intervening causes of any injury, which operate to bar or reduce plaintiffs' recovery by the percentage of fault and/or negligence of Frank.

**FOURTH DEFENSE**

Defendants plead that Frank was the aggressor in the incident, assumed the risk, and was the sole cause, or, in the alternative, was a contributing cause of any injury suffered by either plaintiff and that all recovery should be barred or reduced by the percentage of fault and/or negligence of Frank.

**FIFTH DEFENSE**

Defendants plead that any force used upon Frank was reasonable and necessary under the circumstances.

**SIXTH DEFENSE**

Defendants submit that all times pertinent hereto, there was a reasonable, good faith belief that Frank had committed an offense and was wanted under a valid arrest warrant.

### SEVENTH DEFENSE

Defendants plead that any force used upon Frank was not used in a malicious attempt to inflict pain or injury but, rather, was only used in response to the actions of Frank and did not rise to the level of a violation of anyone's civil rights.

### EIGHTH DEFENSE

Defendants affirmatively allege entitlement to the protections and/or immunities afforded by state law, including the protections afforded by LSA-R.S. 9:2798.1.

### NINTH DEFENSE

Defendants affirmatively allege entitlement to all limitations on damages, interest, and costs afforded by state law, including LSA-R.S. 13:5106 and 13:5112.

### TENTH DEFENSE

Defendants aver that all claims made against them pursuant to 42 U.S.C. § 1983 and/or § 1981 will be determined to be unfounded and not adequately supported by facts or law; accordingly, under 42 U.S.C. § 1988, defendants are entitled to all costs of suit, including reasonable attorney's fees.

### ELEVENTH DEFENSE

Any injuries or damages that may have been suffered by Plaintiffs, arose from Frank's actions, which actions caused or contributed to any of their injuries, which bar their recovery, or reduce their recovery by Frank's percentage of fault.

### TWELFTH DEFENSE

Franks illegally resisted a lawful arrest, which caused all of the injuries suffered by Plaintiffs which bars, or reduces any recovery herein.

## THIRTEENTH DEFENSE

Further answering, all actions performed by Spillman and Alexander were performed in good faith and were believed to be lawful; accordingly, Spillman and Alexander are immune from liability pursuant to federal and state qualified immunity.

WHEREFORE, Defendants, DOUG ANDERSON, SHERIFF OF AVOYELLES PARISH, IN HIS CAPACITY AS THE EMPLOYER OF DEPUTY BRANDON SPILLMAN AND DEPUTY ALEXANDER DANIELS and DEPUTY BRANDON SPILLMAN AND DEPUTY ALEXANDER DANIELS pray that:

(1) This Answer be deemed good and sufficient;

(2) After due proceedings are had, there be judgment herein dismissing plaintiffs' claims at their costs;

(3) Any judgment herein be barred or reduced by the percentage of fault of Armando Frank;

(4) For all costs herein, including reasonable attorneys' fees; and,

(5) For all other just, general and equitable relief.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133  F: 318/767-9650
DOUG ANDERSON, SHERIFF OF AVOYELLES PARISH, IN HIS CAPACITY AS THE EMPLOYER OF DEPUTY BRANDON SPILLMAN AND DEPUTY ALEXANDER DANIELS and DEPUTY BRANDON SPILLMAN AND DEPUTY ALEXANDER DANIELS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2019, I electronically filed the ANSWER TO FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES UNDER 42 USC 1983, WRONGFUL DEATH AND SURVIVAL ACTIONS UNDER STATE LAW pleading with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| Joseph J. Long, Esq. | Derrick M. Whittington, Esq. |
|---|---|
| Law Office of Joseph J. Long | Whittington Law Firm |
| 251 Florida Street, Ste. 308 | Post Office Box 127 |
| Baton Rouge, Louisiana 70801 | Marksville, Louisiana 71351 |
| P: 225/343-7288; F: 225/267-5664 | P: 318/253-58582; F: 318/253-5862 |
| E: josephjlong@juno.com | E: derrick.whittington@gmail.com |
| ATTORNEYS FOR DON FRANK AND ANTONIO FRANK, INDIVIDUALLY AND AS THE REPRESENTATIVES OF THE ESTATE OF ARMANDO FRANK | ATTORNEYS FOR THE CITY OF MARKSVILLE, AND KENNETH PARNELL |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: NONE

/s/ H. Bradford Calvit
H. BRADFORD CALVIT