UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DON FRANK ET AL | CASE NO. 18-cv-978 |
| -vs- | JUDGE DRELL |
| KENNETH PARNELL, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

### RULING AND ORDER

Before the court is Plaintiffs' motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b) and 59. (Doc.87). Plaintiffs ask the court to vacate its June 13, 2022, ruling and judgment which granted summary judgment in favor of the defendants and dismissed plaintiffs' claims. Plaintiffs argue that their motion should be granted because they discovered evidence, to wit judgment signed by Judge William Bennet on March 15, 2017, in the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana criminal case entitled "State of Louisiana versus Armando Franks" and bearing docket number 192,567, that the court did not have an opportunity to review. Plaintiffs argue that this newly discovered state court judgment is proof that Armando Franks was found mentally incompetent to proceed in that case and that members of the Avoyelles Parish Sheriff's Office were notified that they should not arrest frank but instead transport him to the Veterans Hospital in Pineville, Louisiana. For the reasons set forth *infra*, we decline to grant the motion for reconsideration under either Rule 59 or Rule 60.

Plaintiffs fail to state under which subsection of Rule 59 they are proceeding. As much of the rule pertains to motions for new trial, not motions for reconsideration, we assume Plaintiffs are

relying upon subsection (e), motion to alter or amend judgment. Under established Fifth Circuit jurisprudence,

> A Rule 59(e) motion "calls into question the correctness of a judgment." This court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

Templet v. HydroChem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations omitted).

Plaintiffs' contention that a state court judgment issued in March 2017 is newly discovered evidence is not one to which we subscribe. The judgment was a part of the state court record for more than a year prior to the filing of this lawsuit and five years before we issued our ruling and judgment. Plaintiffs do not and cannot argue that Armando Frank's mental capacity was newly discovered as argument and evidence of the same was presented by them to this court. "An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a motion for consideration," Id. (citing Russ v. Int'l. Paper Co., 943 F.2d 589, 593 (5th Cir.1991)), and Plaintiffs do not provide any explanation or excuse as to why this judgment is newly discovered. Accordingly, upon balancing the need to bring litigation to a close and the need to render just rulings based on all of the facts, we determine the motion for reconsideration pursuant to Rule 59(e) must be denied.[1]

Plaintiffs also seek reconsideration under Rule 60(b). We do not believe that this court possesses jurisdiction to entertain such a motion as the Plaintiffs filed a notice of appeal with the

---

[1] Plaintiffs loosely suggest the state court judgment was mentally incompetent and could not be arrested. This is an overstatement of the judgment. There is a blanket statement without reference to any psychological report that Armando Franks was incompetent to proceed, and it was a stipulation as to the attorneys in that case that he needed to be taken to the VA Hospital, not a ruling of court. Finally, there is nothing in the judgment which indicates that notice was to be given anyone that Armando Franks should not be arrested.

Fifth Circuit Court of Appeals. Nevertheless, out of an abundance of caution, we address the merits of the argument. Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding various reasons. Although Plaintiffs do not state which of the reasons it believes the court should rely upon to grant the requested relief. We can only assume that they are arguing that the state court judgment constitutes newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b).[2] As the state court judgment could have been discovered with reasonable diligence, as explained *infra*, granting a motion for reconsideration on this basis would be improper.

Considering the foregoing, it is hereby

ORDERED that Plaintiffs' motion for reconsideration is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 27th day of September 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Although a party can seek relief from judgment for "any other reason that justifies relief," no such reasons are articulated here.

3