UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DON FRANK, ET AL | CASE NO. 18-cv-978 |
| -vs- | JUDGE DRELL |
| KENNETH PARNELL, ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

RULING AND ORDER

Before the court are defendants' renewed motions for summary judgment wherein they assert the plaintiffs cannot carry their burden of proving causation, so the matter should be dismissed.[1] (Docs. 62, 130, 131 133). Plaintiffs have opposed the motions (Docs. 71, 132, 134), and these matters are ripe for ruling. For the following reasons, the motions are DENIED.

I.  Background

This civil rights action arises out of an incident on October 20, 2017, which began as a routine execution of a felony arrest warrant and ended in the tragic death of Armando Frank. Suit was filed by Don Frank and Antonio Frank, Sr. in their individual capacity and on behalf of the estate of their brother Armando Frank. Named as defendants are the three officers involved in the execution of the warrant, Kenneth Parnell, a lieutenant with the Marksville Police Department, Alexander Daniel, a deputy with the Avoyelles Parish Sheriff's Department, and Brandon Spillman, a deputy for the Avoyelles Parish Sheriff's Department, as well as the City of Marksville and Doug Anderson who was the Sheriff of Avoyelles Parish at the time.

---

[1] Motions were renewed following the Fifth Circuit Court of Appeals Judgment where in the Court stated we "can consider any challenges to medical causation as well as vicarious liability against the City of Marksville and Doug Anderson."

1

As detailed in the background section of our prior ruling (Doc. 82), Frank had driven his tractor to the Walmart in Marksville, Louisiana on October 20, 2017, to run some personal errands. Spillman, Daniel, and Parnell, after being told about the existence of an active arrest warrant, approached Armando Frank. The officers ordered him off of the tractor several times, but he refused. The matter escalated into an intense physical altercation on the tractor between the three officers and Armando Frank. Tasers were deployed and choke holds were used to attempt to subdue Mr. Frank, but he remained on the tractor during the entire struggle. The officers called for backup and eventually, various officers wrestled Armando Frank to the ground, and placed him in handcuffs. Frank was dragged to Daniel's vehicle and placed in the back seat. Moments later, an unknown officer must have noted irregularities as he asked if Frank was breathing. Approximately three minutes later, Acadian Ambulance arrived. Paramedics moved Frank from the vehicle and noted that he had a faint pulse and shallow breathing. Acadian Ambulance put Frank on a stretcher in the ambulance where he "coded." Despite paramedics performing chest compressions and other life-saving measures, Frank did not recover and was pronounced dead at the hospital.

The Avoyelles Parish Coroner contacted Dr. Christopher Tape, M.D., a forensic pathologist with Louisiana Forensic Center, L.L.C. in Youngsville, Louisiana, to perform an autopsy. Dr. Tape determined Armando Frank's cause of death was a result of "[a]sphyxia due to respiratory compromise due to law enforcement arrest with contribution of hypertensive atherosclerotic cardiovascular disease, obesity (BMI=37), and electronic control device shocks." (Doc. 71-14, p.1). Defendants deposed Dr. Tape during trial preparation and questioned him regarding his report. Dr. Tape testified that he could not say that one specific action led to

Armando Frank's death. Rather, it was a combination of all acts compromising his breathing that led to his death.

II. <u>Summary Judgment Standard</u>

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 407 (5th Cir.1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'by unsubstantiated assertions,' or by only a 'scintilla' of evidence." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

III. <u>Analysis</u>

Defendants contend: (1) because this case is brought pursuant to § 1983, causation for Armando Frank's death must be proven via expert medical testimony, and (2) the medical evidence in this case is insufficient to establish medical causation because Dr. Tape cannot point to the single, specific act that resulted in Armando Frank's death. In support of their first argument, the defendants cite <u>Perry v. City of Bossier City</u>, 2019 WL 1782482 (W.D. La. Apr. 23, 2019). In <u>Perry</u>, the District Court concluded "that to survive summary judgment when alleging causation of an injury or condition outside of common knowledge, a § 1983 plaintiff in Louisiana must

3

produce competent medical evidence, that when combined with other direct and circumstantial evidence, allows a jury to rationally infer that the defendant's conduct caused the injury or condition." Id. at *4. We do not adopt the conclusion in Perry in light of Fifth Circuit Court of Appeals' more recent, published opinion in Moore v. LaSalle Management Company, LLC, 41 F.4th 493 (5th Cir. 2022). Therein, the Circuit Court remarks that "causation isn't so easy under § 1983" and goes on to explain the different burdens of proof required when considering causation in connection with an excessive force claim versus a state law claim. Id. at 503.

When establishing an excessive force claim, "survivors do not have to show that the Individual Defendant caused his death to recover for excessive force. To prevail in an excessive-force claim, a plaintiff need only show '(1) *an injury*[,] (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.' The injury need not be severe." Id. at 505 (citing Ontiveros v. City of Rosenberg, 564 F.3d 379, 32 (5th Cir. 2009) (emphasis added) and 42 U.S.C. § 1983). See also Simpson v. Hines, 903 F.2d 400 (5th Cir. 1990). Thus, pursuant to Fifth Circuit precedent, which this court must follow, medical evidence is not necessarily required. Regardless, the plaintiffs have medical evidence upon which they rely, that is Dr. Tape's report and deposition testimony.

The defendants argue that Dr. Tape's report and testimony cannot establish causation because he cannot point to "which of these incidents[2] was the factual cause of Frank's death...." (Doc. 62, p. 23). The defendants are mistaken as to what burden is required to prove causation under Louisiana law. As explained in Louisiana Tort Law, when establishing causation, the "but for" test is commonly used. FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW,

---

[2] "These incidents refers to: "(1) a misapplied choke hold by Spillman; (2) repeated electrical socks with the Taser by Parnell and Daniels; or (3) Spillman, Parnell, and Daniels' compressing and positioning of Frank's body in such a way as to compromise his respiration. (See Doc. 62, p. 23).

4

§ 4-3, p. 86 (1996). However, the "less demanding" substantial factor test works well where there are multiple causes in fact, but the trier of fact may not be able to conclude that the accident would more probably than not have happened 'but for' any one of the causes." Id. at 88. See also Moore, 41 F. 4th at 507 (internal citations omitted) ("Under Bonin, Plaintiffs can prove causation by showing 'the conduct in question was a substantial factor in bringing about the accident.'… Louisiana courts consider "whether each of the multiple causes played so important a role in producing the result that responsibility should be imposed upon each item of conduct," and "whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm."

After reviewing the report and deposition testimony of Dr. Tape, we find a genuine dispute of material fact exists as to whether or not the plaintiffs can establish causation under the substantial factor test. At trial, which we find necessary to resolve the causation issue, the defendants may cross-examine Dr. Tape and present evidence to support their position that causation does not exist.

Having found there summary judgment is not proper with respect to causation, the plaintiffs' state law claims of *respondeat superior* also remain for trial.

IV. Conclusion

For the reasons stated herein, it is hereby

**ORDERED** that the renewed motions for summary judgment (Docs. 62, 131, 132) are

**DENIED**. The parties shall contact chambers to reschedule trial of the matter.

   **THUS DONE AND SIGNED** at Alexandria, Louisiana this 2nd day of February 2026.

                  **DEE D. DRELL, SENIOR JUDGE**
                  **UNITED STATES DISTRICT COURT**