UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**DON FRANK, *ET AL.*** **CASE NO. 18-cv-978**

**-vs-** **JUDGE DRELL**

**KENNETH PARNELL, *ET AL.*** **MAGISTRATE JUDGE PEREZ-MONTES**

MEMORANDUM ORDER

Before the court is Defendants' motion entitled "Daubert Motion and/or Motion in Limine"[1] (Doc. 139) pertaining to the testimony of Dr. Christoper Tape. Plaintiffs seek to exclude the following opinions of Dr. Tape:

1. The total time of respiratory compromise – 6 minutes and 42 seconds;
2. Frank received electronic control device shocks ("ECD");
3. Police intervention was likely the intervening factor that led to his death;
4. The EDC likely caused respiratory compromise due to muscle paralysis and pain inflicted by the ECD which were likely a contributing factor in the death;
5. The law enforcement arrest was the intervening factor that led to the death;
6. The video showed that Frank had compromised breathing;
7. There were 2 minutes and 45 seconds of compression on the tractor which was actual compromise to the respiratory system;
8. Dr. Tape's belief that Frank died because of the police actions;
9. Frank's oxygenation was compromised;
10. A "bar hold" compromised or impaired blood flow to Frank's brain;

[1] Both scientific and nonscientific expert testimony are subject to the framework established Daubert v. Merrell Dow Pharmaceuticals, Inc. , 509 U.S. 579 (1993). Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

11. Frank's heavy breathing was caused by police action and not by his own resistance; and

12. The action of the Defendants caused and/or contributed to Frank's death.

(Doc. 150). For the following reasons the motion is GRANTED IN PART and DENIED IN PART.

Both the Federal Rules of Evidence and applicable case law govern whether testimony of an expert witness is admissible. Federal Rule of Evidence 702 allows an expert to testify if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Id. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) provides the framework by which the court determines whether the testimony is reliable and relevant. See also Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

Defendants generally assert that Dr. Tape is not an expert in the fields of law enforcement procedures and/or tactics or electronic control devices ("ECD"); thus, his testimony regarding these subjects should be excluded. Plaintiffs state they do not intend to elicit testimony from Dr. Tape regarding law enforcement procedure and/or tactic, so the objections to items 3, 5, 8, and 11 are moot. However, we note that items 3 and 5 also contain language regarding police action being an "intervening factor." Whether someone's conduct is an intervening factor is a question of law, and as such, is not a matter on which an expert should opine. Accordingly, Dr. Tape may not express any opinion as to whether he believes conduct is an intervening cause.

As to expert testimony from Dr. Tape regarding ECDs, we note that he admits in his deposition that he is not an expert in that field. However, he qualifies his statement by stating he conducts research on and has familiarity with ECDs, and he has reviewed autopsies where ECDs are relevant - though he does not explain how. In their opposition, Plaintiffs attempt to bolster Dr. Tape's qualifications by generally averring he is a forensic pathologist with medical experience, this is not his first case involving ECDs, he familiarized himself with Taser literature, and his medical training, knowledge, and experience qualify him to render opinions on whether or how Frank received electrical shocks and what effect those shocks had on Frank's body. However, Dr. Tape's own deposition testimony indicates otherwise as he states that he was unsure if a circuit was ever established by the Taser probes that were deployed. Although Dr. Tape's medical training as a forensic pathologist qualifies him to offer opinions within his expertise (perhaps the effects of electricity on Frank physiologically), those questions will have to be addressed as they arise at trial in the realm of hypotheticals. What is clear from Dr. Tape's deposition testimony is that he is not qualified to opine that Frank was actually shocked by the Taser probes because he has already said he does not know. Any other shocks administered to Frank, such as in a drive stun mode, will be addressed should they arise during trial.

We turn next to the question of whether Dr. Tape should be allowed to refer to defendants as "police" and "law enforcement." This matter is one that will have to be addressed at trial as we cannot anticipate all of the circumstances under which the reference could or could not be made. We caution that referring to "police" or "law enforcement" broadly could create confusion for the jury. For example, a number of law enforcement personnel who played some part, arrived on scene at various points. The parties dispute whether the actions of these individual law

enforcement personnel contributed to Frank's death and whether these actions are independent of the actions undertaken by the named Defendants.

As to items 1, 6, 7, 9, 10, and 12, we find that the Defendants' argument for exclusion goes to the weight and credibility of the testimony rather than the admissibility. Accordingly, at this time we will not exclude Dr. Tape from testifying as to these matters. Dr. Tape's report is not per se admissible but may be used in impeachment within the foregoing rulings. Defendants may challenge Dr. Tape's testimony via cross-examination and by presenting their own evidence.

For the foregoing reasons, it is

ORDERED that the motion is GRANTED as to items 2 and 4. It is further

ORDERED that the motion is DENIED as to items 1, 6, 7, 9, 10, and 12. It is further

ORDERED that the motion is DENIED AS MOOT as to items 3, 5, 8, and 11

THUS DONE AND SIGNED at Alexandria, Louisiana this 23rd day of September 2026.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT